UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN DOE,

                 Plaintiff,

-vs-

ITHACA COLLEGE and BRYAN ROBERTS,

                 Defendants.

**NOTICE OF REMOVAL**

Civil Action No.: 3:23-cv-1600 (GTS/ML)

Defendant Ithaca College (the "College" or "defendant"), by and through its counsel, Ward Greenberg Heller & Reidy LLP, hereby gives notice of the removal of this civil action from the Supreme Court of the State of New York, County of Tompkins, to the United States District Court for the Northern District of New York. This Notice of Removal is filed pursuant to 28 U.S.C. § 1441(a) and § 1446.

As grounds for removal, defendant states as follows:

### BACKGROUND FACTS REGARDING PLEADINGS SERVED AND FILED TO DATE

***Summary of the Claims Pleaded***

1. On November 20, 2023, plaintiff John Doe ("plaintiff") filed a Summons and Complaint in the Supreme Court of the State of New York, Tompkins County, Index No. EF2023-0762 (the "State Court Action"). A copy of the Summons and Complaint, as filed in state court, is attached as Exhibit A.

2. Plaintiff's claims arise from events that allegedly occurred over an almost two-year period, while he was a student at Ithaca College. *Id.* at ¶¶ 3, 6, 31.

3. Specifically, plaintiff claims that he "experienced harmful, unwanted, unwelcome, nonconsensual and/or hostile sexual advances," was "sexually abused," and was "harassed" by

1

"numerous" Ithaca College staff members, including co-defendant Bryan Roberts. *Id.* at ¶¶ 6-11. Plaintiff further claims those experiences purportedly "created a hostile educational environment," "adversely impacted his education," and/or "depriv[ed]" him of an education." *Id.* at ¶¶ 6, 14.

4.     Based on the foregoing allegations, plaintiff's Complaint asserts the following five purported claims for relief: (1) negligence (*id.* at ¶¶ 120-135); (2) claims premised upon "violations of" Title IX of the federal Education Amendments of 1972 (*id.* at ¶¶ 136-148); (3) negligent hiring, retention, training, direction, and supervision (*id.* at ¶¶ 149-159); (4) negligent infliction of emotional distress (*id.* at ¶¶ 160-167); and (5) intentional infliction of emotional distress (*id.* at ¶¶ 168-177).  Thus, plaintiff pleads claims presenting federal questions, and state law claims as well.

***Filings to Date in Tompkins County***

5.     In addition to filing his Summons and Complaint, on November 20, 2023 plaintiff also filed a Proposed Order to Show Cause seeking permission to proceed under pseudonym. In support, plaintiff filed two exhibits, an affirmation from his lawyer, and a Request for Judicial Intervention form. Plaintiff's Proposed Order to Show Cause, and the referenced supporting papers, are attached as Exhibits B through F.

6.     The Tompkins County Clerk assigned, and then subsequently reassigned, a Justice of the Supreme Court to consider plaintiff's application to proceed under a pseudonym. *See* Exhibits G and H.

7.     On December 1, 2023, the Hon. Mark G. Masler, J.S.C. signed and filed the Order to Show Cause, ordering defendants to show cause on December 19, 2023 as to why an Order should not be entered permitting plaintiff to proceed using a pseudonym. A copy of that Order is attached as Exhibit I.

8.     Plaintiff's proof of service of that Order as well as of the Summons and Complaint,

filed December 13, 2023, is attached as Exbibit J.

9. Exhibits A through J, upon information and belief, constitute the only pleadings or papers known to have been filed in Tompkins County.

10. Pursuant to 28 U.S.C. § 1446(a), an index of the Tompkins County docket sheet maintained on the NYSCEF system, identifying all process, pleadings, and orders filed and served in the State Court Action, is attached as Exhibit K.

### GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

11. The action is appropriate for removal to the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. § 1331, because this action involves questions arising under the Constitution, laws, or treaties of the United States.

12. Plaintiff's second purported cause of action alleges that defendant violated Title IX of the federal Education Amendments of 1972 (20 U.S.C. §§ 1681-1689). *See* Exhibit A at ¶¶ 136-148; *see also id.* at ¶ 18.

13. Title IX of the Education Amendments of 1972 presents a federal question and prohibits sex-based discrimination in any school or other educational program that receives funding from the federal government. *See generally* 20 U.S.C. § 1681.

14. In asserting the federal question, this civil action properly is removed on the basis of this Court's original jurisdiction over this federal question.

15. The remaining purported causes of action form part of the same case or controversy, and therefore are within this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

### TIMELINESS OF AND CONSENT TO REMOVAL

16. The action was commenced by filing on November 20, 2023, and the Summons and Complaint were served on Ithaca College and on Bryan Roberts, separately, on December 4,

2023. *See* Exhibits A, J.

17. This Notice of Removal is being filed within thirty (30) days after service of the Complaint, and therefore, is timely pursuant to 28 U.S.C. § 1446(b).

18. Co-defendant Roberts has consented to the removal of the action to this Court, in compliance with 28 U.S.C. § 1446(b)(2)(A). *See* Declaration of Bryan Roberts, dated December 18, 2023.

### VENUE IS PROPER

19. Venue is proper in this District, pursuant to 28 U.S.C. § 1441(a), because it is the District which encompasses, geographically, the state court in which the State Court Action is pending, and in which defendant Ithaca College is located.

### NOTICE OF THE REMOVAL

20. Pursuant to 28 U.S.C. § 1446(d), defendant Ithaca College will promptly serve plaintiff's counsel with a Notice of Notice of Removal attaching a copy of this Notice of Removal, and defendant Ithaca College also will promptly file with the Clerk of the County of Tompkins, a Notice of Filing of Notice of Removal.

WHEREFORE, defendant Ithaca College respectfully submits that this Court has jurisdiction over the claims asserted in this action, pursuant to 28 U.S.C. §§ 1331, that the action properly is removable pursuant to 28 U.S.C. §§ 1441(a) and 1446, and that the removal has been effected in a timely and appropriate manner.

Respectfully submitted,

Dated: December 18, 2023

WARD GREENBERG HELLER & REIDY LLP

By: _____
Thomas S. D'Antonio

1800 Bausch & Lomb Place

Rochester, New York 14604
Telephone: (585) 454-0700
tdantonio@wardgreenberg.com

*Attorneys for defendant Ithaca College*

TO: Erin Peake, Esq.
Bonina & Bonia, P.C.
32 Court Street
Suite 1700
Brooklyn, New York 11201
(718) 522-1786
epeake@medlaw1.com
*Attorneys for plaintiff*

Peter J. Glennon, Esq.
The Glennon Law Firm, P.C.
160 Linden Oaks
Rochester, New York 14625
(585) 210-2150
pglennon@glennonlawfirm.com
*Attorneys for defendant Bryan Roberts*

Hon. Maureen Reynolds
Tompkins County Clerk
320 N. Tioga Street
Ithaca, New York 14850