# EXHIBIT A

CI2023-23885

Index # : EF2023-0762

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TOMPKINS

-------------------------------------------------------------------X

JOHN DOE

                                       Plaintiff,

    -against-

ITHACA COLLEGE and BRYAN ROBERTS,

                                    Defendants.

-------------------------------------------------------------------X

**SUMMONS**

**Index No.:**         **/23**
**Date Purchased:**     **/23**

Plaintiff's designates TOMPKINS County as the place of trial.

The basis of venue is:
Place of occurrence

**To the above-named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys, within twenty days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
     November 20, 2023

_____
Erin Peake, Esq.
Bonina & Bonina, P.C.
Attorneys for Plaintiff
32 Court Street - Suite 1700
Brooklyn, NY 11201
Phone No.: (718) 522-1786

To:    Ithaca College
       Office of the General Counsel
       953 Danby Road
       Ithaca, NY 14850-7000

       Bryan Roberts
       105 E Pointe Drive
       Ithaca, NY 14850-1161

       Bryan Roberts
       Care of: University of Connecticut
       343 Mansfield Rd
       Storrs, CT 06269

{00290766}

CI2023-23885

**Index #: EF2023-0762**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TOMPKINS
------------------------------------------------------------------------X
JOHN DOE,

                              Plaintiff,                    **VERIFIED COMPLAINT**

-against-

ITHACA COLLEGE and BRYAN ROBERTS                 **Index No.:        /2023**

                              Defendants.
------------------------------------------------------------------------X

Plaintiff, by and through his attorneys, BONINA & BONINA, P.C., complaining of the Defendants herein, as and for their Verified Complaint in the above-entitled action, respectfully shows to this Court, and alleges upon information and belief, as follows:

1.     That prior to the service of this Summons & Complaint, Plaintiff has purchased Index Number _____/23   from the Supreme Court of the State of New York, County of Tompkins, in accordance with the requirements of the CPLR.

2.     This case falls within one or more of the exceptions to CPLR 1602.

**NATURE OF THE ACTION**

3.     This is a case brought by JOHN DOE, who began attending ITHACA COLLEGE located at 953 Danby Rd, Ithaca, NY 14850, in August 2021.

4.     Plaintiff JOHN DOE was 18 years old at the time of his move onto the ITHACA COLLEGE campus for his first year.

5.     Prior to arriving at ITHACA COLLEGE, Plaintiff was accepted into the highly prestigious Park Scholar Program at ITHACA COLLEGE, which awarded him full tuition, room and board, and living stipend.

{00288846}

CI2023-23885

6. During DOE's time at ITHACA COLLEGE, he was sexually abused and harassed by numerous staff members, and subjected to unwelcome sexual advances, sexual activity, and explicit communications, which created a hostile educational environment and adversely impacted his education.

7. Plaintiff experienced harmful, unwanted, unwelcome, nonconsensual and/or hostile sexual advances by Defendant BRYAN ROBERTS, Associate Dean of the Park School of Communications at ITHACA COLLEGE.

8. BRYAN ROBERTS threatened to withdraw Plaintiff's scholarship to ITHACA COLLEGE and "blacklist" Plaintiff from achieving professional success in the media industry.

9. Plaintiff experienced harmful, unwanted, unwelcome, nonconsensual and/or hostile sexual advances by Ron Trunzo, Associate Director for Residential Life and Judicial Affairs at ITHACA COLLEGE.

10. Plaintiff experienced harmful, unwanted, unwelcome, nonconsensual and/or hostile sexual advances by Marc Greene, a Director of Senior Student Teacher Placements at ITHACA COLLEGE.

11. Plaintiff experienced harmful, unwanted, unwelcome, nonconsensual and/or hostile sexual advances by Casey Stebbins, Lead Cashier of Dining Services at ITHACA COLLEGE.

12. Plaintiff reported to Jack Bryant, Associate Professor and Degree Program Director of Writing for Film, TV, and Emerging Media, that he was in an unwelcome, unsafe, threatening, and/or nonconsensual sexual relationship with Dean BRYAN ROBERTS.

13. Plaintiff reported to Andrew Lamendola, Administrative Coordinator of the Center for Career Exploration and Development that he was in an unwelcome, unsafe, threatening, and/or nonconsensual sexual relationship with Dean BRYAN ROBERTS.

{00288846}

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-0762

RECEIVED NYSCEF: 11/20/2023

CI2023-23885

Index #: EF2023-0762

Case 3.23-cv-01600-GTS-ML   Document 1-1   Filed 12/18/23   Page 5 of 30

14.     Defendants ITHACA COLLEGE and BRYAN ROBERTS created and maintained a dangerous and toxic environment of sexual abuse by their leadership, faculty, and staff against ITHACA COLLEGE students, causing irreparable harm and depriving students, including the Plaintiff herein, of an education.

15.     The inappropriate and predatory actions of ROBERTS, Trunzo, Stebbins, and Greene clearly demonstrate a widespread culture of abuse at ITHACA COLLEGE, in which numerous faculty and staff members partook in targeting vulnerable students for sexual gain.

16.     Defendants' and the perpetrators' negligent, reckless, and intentional conduct violated §130 of the Penal Law of New York, including but not limited to, §§130.40, 130.52, and 130.55.

17.     With the passage of the Adult Survivors Act, those who have endured such abuse need no longer be silent.  The Adult Survivors Act revives previously barred claims (see CPLR 214-j), creating a one-year window within which to file such claims beginning November 24, 2022.  As such, this claim is timely.

18.     Plaintiff also complains under Title IX, 20 U.S.C. § 1681(a), for the denial of benefits of an educational program. Plaintiff seeks to remedy the injuries Plaintiff has suffered as a result of being sexually assaulted, harassed, and discriminated against on the basis of his sex/gender.

19.     This Court has concurrent jurisdiction over all Federal causes of action pleaded herein.

## THE PARTIES

20.     Plaintiff JOHN DOE, is, was, and at all times mentioned herein has been a resident of the City of Ithaca, County of Tompkins, State of New York.

{00288846}

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-0762

RECEIVED NYSCEF: 11/20/2023

Case 3.23-cv-01600-GTS-ML Document 1-1 Filed 12/18/23 Page 6 of 30

CI2023-23885

Index #: EF2023-0762

21.     Defendant BRYAN ROBERTS was, and at all times mentioned herein, a resident of the City of Ithaca, County of Tompkins, State of New York.

22.     Upon information and belief, Defendant BRYAN ROBERTS is currently a resident of the State of Connecticut.

23.     The cause of action alleged herein arose in the City of Ithaca, County of Tompkins, State of New York.

24.     That at all times mentioned herein, the Defendant ITHACA COLLEGE is, was, and has been an educational corporation duly organized and existing under and by virtue of the laws of the State of New York.

25.     That at all times mentioned herein, the Defendant ITHACA COLLEGE is, was, and has been a private educational institution, duly organized and existing under and by virtue of the laws of the State of New York.

26.     Upon information and belief, at all times mentioned herein, Defendant ITHACA COLLEGE was and still is a college of higher education operating within the State of New York.

27.     Upon information and belief, at all times mentioned herein, Defendant ITHACA COLLEGE was and still is an institution doing business within the State of New York.

28.     Upon information and belief, at all times mentioned herein, Defendant ITHACA COLLEGE was and still is an institution receiving Federal Educational Funding.

29.     That beginning in August 2021 to present, Plaintiff JOHN DOE is and was a student at ITHACA COLLEGE.

30.     That at all times mentioned herein, Defendant BRYAN ROBERTS was the Associate Dean of the Roy H. Park School of Communications at ITHACA COLLEGE.

{00288846}

CI2023-23885

Index #: EF2023-0762

31.      That from Fall Semester 2021 through Spring Semester 2023, Plaintiff JOHN DOE experienced harmful, unwanted, unwelcome, nonconsensual and/or hostile sexual advances by staff and faculty members at ITHACA COLLEGE, including by Defendant BRYAN ROBERTS, both on and off campus.

## THE FACTS

32.      Plaintiff JOHN DOE began attending Ithaca College as a first-year student in August 2021.

33.      JOHN DOE is and was, at all times mentioned herein, a member of the extremely prestigious Park Scholar Program at Ithaca college, affording him full tuition, room and board, and living stipend for his undergraduate education.

34.      At all times mentioned herein, Dean BRYAN ROBERTS was the Associate Dean of the Park School and had substantial, if not total, control over Plaintiff's scholarship, and consequently, his housing and education.

35.      In approximately December 2021, Dean ROBERTS reached out to Plaintiff on Grindr.

36.      Grindr is a location-based dating app, in which users set preferences by both distance and age.

37.      JOHN DOE would only have been visible to ROBERTS on Grindr if ROBERTS had intentionally set his online dating preferences to include 19-year-olds on or near the ITHACA COLLEGE campus.

38.      After ROBERTS contacted Plaintiff on Grindr, Plaintiff immediately told ROBERTS he was an ITHACA COLLEGE student.

{00288846}

Case 3.23-cv-01600-GTS-ML Document 1-1 Filed 12/18/23 Page 8 of 30

CI2023-23885

Index #: EF2023-0762

39.     ROBERTS indicated that he was a faculty member of Defendant ITHACA COLLEGE but did not indicate who he was.

40.     DOE and ROBERTS commenced a sexual exchange of text and photo messages.

41.     In December 2021, ROBERTS invited Plaintiff to his house off campus.

42.     Upon first arriving at the house and seeing ROBERTS, Plaintiff immediately realized who he was.

43.     Plaintiff was shocked and concerned about the immense power that ROBERTS had over him, and he no longer felt he had the ability to consent and/or withdraw consent, nor did he welcome any further sexual conduct.

44.     ROBERTS immediately told Plaintiff that he had the power to place Plaintiff on academic probation and/or withdraw Plaintiff's scholarship in addition to "blacklisting" Plaintiff from the media industry.

45.     After this conversation, ROBERTS sexually assaulted Plaintiff and/or engaged in unwelcome sexual contact with him.

46.     Plaintiff returned to his freshman dorm room during the early morning hours the next day.

47.     ROBERTS became increasingly more hostile, aggressive, and forceful in his demands that Plaintiff continue to engage in the sexual relationship.

48.     Plaintiff and ROBERTS engaged in nonconsensual and/or unwelcome sexual contact approximately 1-2 more times during the Fall 2021 semester.

49.     At the beginning of the Spring semester, in January 2022, Jack Bryant, Associate Professor and Degree Program Director of Writing for Film, TV, and Emerging Media, connected with Plaintiff on Grindr.

{00288846}

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-0762
RECEIVED NYSCEF: 11/20/2023

Case 3:23-cv-01600-GTS-ML Document 1-1 Filed 12/18/23 Page 9 of 30

CI2023-23885

Index #: EF2023-0762

50. Jack Bryant had intentionally set his Grindr dating preferences to 19-year-olds on or near the ITHACA COLLEGE campus.

51. Bryant told Plaintiff that he had previously slept with ITHACA COLLEGE students.

52. During this conversation, Plaintiff reported to Bryant that he was in an unwelcome, unsafe, and/or uncomfortable sexual relationship with Dean BRYAN ROBERTS.

53. Bryant did not report this allegation to ITHACA COLLEGE, nor did he ask Plaintiff if he needed help; rather, he ignored and dismissed Plaintiff's comments.

54. On January 24th, 2022, Dean ROBERTS cornered DOE in the Dean's Suite, straddled DOE, and began groping himself, rubbing his own genitals, and forcefully pinching Plaintiff's nipples.

55. ROBERTS then brought Plaintiff back to ROBERTS' house where he pressured Plaintiff into performing and receiving unwelcome and/or nonconsensual sexual acts.

56. Throughout the semester, ROBERTS continuously used the Grindr app while on campus at night, looking to engage sexually with students.

57. On February 5th, 2022, over text, ROBERTS again asked Plaintiff to engage in sexual behavior, and Plaintiff declined, avoiding the situation.

58. During this time period, Plaintiff became very vocal with his friends about the pressure and threats coming from Dean ROBERTS, voicing fears about losing his scholarship and his access to an education.

59. ROBERTS further told the story of a former student who upset him, and how he "blacklisted" her from the media industry, forcing her to work in waitressing after college.

CI2023-23885

Index #: EF2023-0762

60.     ROBERTS also began to manipulate Plaintiff with quid pro quo offers of funding, scholarship, and professional opportunities.

61.     Text messages indicate a sexual encounter on March 20, 2022.

62.     Dean ROBERTS continued to harass Plaintiff, pleading for him to participate in group sex, at least seven times, on March 27, 30, April 1, 2, 3, May 9, and 10, 2022.

63.     During one occasion that late-spring 2022, ROBERTS successfully persuaded DOE to engage in nonconsensual and/or unwelcome group sex with ROBERTS and two other men at ROBERTS' house.

64.     DOE's mental health began to spiral as he considered transferring to get away from Dean ROBERTS.

65.     Additionally, on May 13, 2022, text messages indicate a sexual interaction between DOE and ROBERTS.

66.     During this interaction, Plaintiff expressed that he did not feel safe or happy at ITHACA COLLEGE.

67.     ROBERTS, knowing that Plaintiff's mental health was declining as a result of the abuse, and likely in an act of self-preservation, sent DOE a list of highly prestigious colleges that DOE could transfer into with ROBERTS' aid and connections.

68.     On May 22, 2022, rather than transferring and losing his full tuition Park Scholarship, DOE emailed his academic advisor and asked to graduate from ITHACA COLLEGE early.

69.     Dean ROBERTS' manipulation of JOHN DOE became an open secret around campus.

{00288846}

CI2023-23885

70.     During the Summer of 2022, DOE was interning in New York City and ROBERTS continued to text and call him.

71.     ROBERTS asked Plaintiff to participate in phone sex on 3-4 occasions, and DOE refused each time.

72.     ROBERTS began pressuring Plaintiff to take an internship off campus for the Fall 2022 semester, which Plaintiff refused to do.

73.     In Fall 2022, ROBERTS texted DOE approximately weekly.

74.     One afternoon that Fall, while Plaintiff was working/studying in the Park Scholars Lounge, he was approached by ROBERTS, who invited Casey Stebbins, the Dining Services Lead Cashier.

75.     BRYAN ROBERTS flirted with DOE and attempted to initiate group sex between the three of them; Plaintiff refused and left the room.

76.     After this encounter, Casey Stebbins began contacting Plaintiff on Grindr and Snapchat, and initiating sexual conversations.

77.     Casey Stebbins had intentionally set his Grindr dating preferences to include 20-year-olds on or near the ITHACA COLLEGE campus.

78.     In an attempt to initiate a quid pro quo sexual relationship, Stebbins began bribing Plaintiff with free food if Plaintiff would engage in sexual communications, going so far as to use his staff identification card to buy Plaintiff food.

79.     Plaintiff became extremely uncomfortable around campus dining areas where Stebbins worked, impacting his eating habits, and contributing to his anxiety.

80.     Text messages indicate that there was another sexual encounter between Plaintiff and Dean BRYAN ROBERTS on November 5, 2022.

{00288846}

CI2023-23885

81.     One evening between December 4 and 7, 2022, Plaintiff connected with Marc Greene, an ITHACA COLLEGE Director of Senior Student Teacher Placements, on Grindr.

82.     Marc Greene had his dating preferences intentionally set to include 20-year-olds on or near the ITHACA COLLEGE campus.

83.     Marc Greene invited DOE to a hotel room off campus and the two engaged in sexual conduct.

84.     On December 10, 2022, as final exams were commencing, ROBERTS coerced DOE into going to a sex club in Syracuse, NY.

85.     DOE reluctantly rode with ROBERTS to the sex club and avoided him throughout the night.

86.     DOE's mental health and focus on his schoolwork continued to deteriorate rapidly as he was repeatedly convinced and coerced into engaging in sexual conduct with faculty members.

87.     During early Spring 2023, ROBERTS and DOE had approximately 1 to 2 nonconsensual and/or unwelcome sexual encounters.

88.     In February 2023, Ron Trunzo, Associate Director for Residential Life and Judicial Affairs connected with Plaintiff and sent him explicit images and text messages.

89.     Ron Trunzo had his dating preferences intentionally set to include 20-year-olds on or near the ITHACA COLLEGE campus.

90.     In Spring 2023, Plaintiff again reported his experiences to an ITHACA COLLEGE staff member, this time he reported to Andrew Lamendola, Administrative Coordinator of the Center for Career Exploration and Development that he was in an unwelcome, unsafe, threatening, and/or nonconsensual sexual relationship with Dean BRYAN ROBERTS.

{00288846}

CI2023-23885

Index #: EF2023-0762

91.     On April 26, 2023, Ron Trunzo contacted Plaintiff and made him aware he 'won' a $25 gift card through the office of residential life.

92.     Plaintiff again felt forced to engage in sexually explicit conversations with Ron Trunzo due to the implied quid pro quo gift card offering and the power he had as the Associate Director for Residential Life and Judicial Affairs.

93.     On May 18, 2023, the ITHACA COLLEGE Title IX office received an anonymous report from another student that DOE was in a harmful and nonconsensual sexual relationship with the Associate Dean of the Park School.

94.     DOE met with the ITHACA COLLEGE Title IX coordinators and decided to file an official report against ROBERTS, which led to an official investigation.

95.     ROBERTS learned of the Title IX investigation and began harassing DOE by messaging him, calling him repeatedly, and contacting him on numerous social media platforms, telling Plaintiff he must not tell the truth.

96.     Plaintiff did not respond to ROBERTS' repeated messages, and ROBERTS began retaliating further by threatening Plaintiff's scholarship, access to education, and future opportunities in the media industry.

97.     Plaintiff met with Title IX coordinators, HR Officers, and an external investigator numerous times throughout the Summer of 2023 to aid in the investigation.

98.     During the investigation, Plaintiff reported in detail, the interactions he had with BRYAN ROBERTS, Casey Stebbins, Marc Greene, Jack Bryant, and Ron Trunzo.

99.     Defendant ITHICA COLLEGE conducted Human Resources investigations into Stebbins, Greene, Bryant, and Trunzo.

{00288846}

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM          INDEX NO. EF2023-0762
NYSCEF DOC. NO. 1          Case 3:23-cv-01600-GTS-ML   Document 1-1   Filed 12/18/23   Page 14 of 30     RECEIVED NYSCEF: 11/20/2023

CI2023-23885                                                                    Index #: EF2023-0762

100.    Defendant ITHACA COLLEGE only offered to conduct a full Title IX investigation into BRYAN ROBERTS' abuses.

101.    On June 17, 2023, DOE saw that the ITHACA COLLEGE Title IX office's investigative and meeting calendar was public to all students, faculty, and staff at ITHACA COLLEGE.

102.    Upon seeing the public nature of the calendar, DOE immediately reached out to Defendants' Title IX office and asked that they make the calendar private.

103.    Other students began reaching out to Plaintiff, asking about the case, and rumors began to flow about Plaintiff.

104.    Upon information and belief, almost three days passed before the calendar was made private.

105.    At the conclusion of the Title IX investigation, Defendant ITHACA COLLEGE found there were reasonable grounds to believe that ROBERTS violated Policy 2.46: Intimate Relationships Policy, which states, "Given the inherent inequity that exists in the relationships between employees and students, as well as the potential for the appearance of exploitation and/or favoritism, no employee shall have an intimate relationship with a student."

106.    At the conclusion of the Title IX investigation, Defendant ITHACA COLLEGE found there were reasonable grounds to believe that ROBERTS violated Policy 2.6: Policy on Sexual Harassment, which defines sexual harassment as, "unwelcome sexual advances […] when: submission to such conduct is made either explicitly or implicitly as a term or condition of an individual's […] (b) academic status, or (c) participation in or use of a College sponsored or approved activity or resource; or  […] such conduct has the purpose or effect of unreasonably

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-0762

RECEIVED NYSCEF: 11/20/2023

Case 3:23-cv-01600-GTS-ML   Document 1-1   Filed 12/18/23   Page 15 of 30

CI2023-23885

Index #: EF2023-0762

interfering with an individual's work or academic performance, or of creating an objectively and subjectively intimidating, hostile, or offensive employment or educational environment."

107.    On August 14, 2023, ITHACA COLLEGE posted to their website that ROBERTS "departed" to engage in new professional opportunities. Defendants further outlined his accomplishments and wished him luck.

108.    In publishing this statement of ROBERTS' departure, ITHACA COLLEGE failed to inform their students and the Ithaca community at large of their own findings to the effect that ROBERTS violated sexual harassment policies and engaged in inappropriate sexual relations with students.

109.    On August, 18, 2023, ITHACA COLLEGE found Casey Stebbins in violation of the ITHACA COLLEGE Policy 2.46: Intimate Relationships Policy, which states, "Given the inherent inequity that exists in the relationships between employees and students, as well as the potential for the appearance of exploitation and/or favoritism, no employee shall have an intimate relationship with a student."

110.    On August, 18, 2023, ITHACA COLLEGE found Casey Stebbins in violation of the ITHACA COLLEGE Policy 2.6: Policy on Sexual Harassment, which defines sexual harassment as, "unwelcome sexual advances […] when: submission to such conduct is made either explicitly or implicitly as a term or condition of an individual's […] (b) academic status, or (c) participation in or use of a College sponsored or approved activity or resource; or  […] such conduct has the purpose or effect of unreasonably interfering with an individual's work or academic performance, or of creating an objectively and subjectively intimidating, hostile, or offensive employment or educational environment."

111.    Defendant ITHACA COLLEGE did not terminate Casey Stebbins.

CI2023-23885

Index #: EF2023-0762

112.     On September 5, 2023, Plaintiff was granted an Order of Protection against BRYAN ROBERTS in Tompkins County Family Court.

113.     On October 13, 2023, Director Marc Greene was terminated from his position at ITHACA COLLEGE for violation of the College's Intimate Relationship policy, Section 2.46.2.

114.     On November 3, 2023, Director Ron Trunzo resigned from his position at ITHACA COLLEGE following a finding that Trunzo in violation of the College's Intimate Relationship policy, Section 2.46.2.

115.     Defendants created, developed, and maintained a dangerous and toxic culture of sexual abuse by their faculty and/or agents against ITHACA COLLEGE students, causing harm and depriving students, including the Plaintiff herein, of an education.

116.     Defendants acted with deliberate indifference to the known culture of harassment and assault in their programs and activities.

117.     The conduct permitted by Defendants, and/or each of them, and/or their agents, servants, employees, and/or staff, constituted violations of Article 130 of the Penal Law of the State of New York and/or its predecessor statutes.

118.     The conduct permitted by Defendants, and/or each of them, and/or their agents, servants, employees, and/or staff, constituted violations of Article 130 of the Penal Law of the State of New York, including but not limited to violations of Penal Law Sections 130.40, 130.52, and 130.55.

119.     Defendants violated Title IX, 20 U.S.C. § 1681(a), by operating with negligent indifference to sexual assault, harassment, and discrimination on the basis of his sex/gender, resulting in the denial of benefits of an educational program.

{00288846}

CI2023-23885

Index #: EF2023-0762

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF JOHN DOE BASED UPON A THEORY OF NEGLIGENCE AS AGAINST ALL DEFENDANTS

120.     That the Plaintiff JOHN DOE, repeats, reiterates, and realleges each and every allegation contained in the Complaint set forth in paragraphs "FIRST" through "ONE HUNDRED-NINETEENTH" inclusive with the same force and effect as though said allegations were herein fully set forth at length.

121.     While the Plaintiff was a student attending ITHACA COLLEGE from 2021 through present, Defendants were responsible for his care, well-being, and safety amongst other things, and had a duty to protect him from harm, abuse, assault, and other harms while he was in the classroom and/or attending college-controlled events.

122.     While the Plaintiff was a student attending ITHACA COLLEGE from 2021 through present, Defendants were responsible for his care, well-being, and safety amongst other things, and had a duty to protect him from sexual abuse, as well as physical and emotional abuse while he was in the classroom and/or attending college-controlled events.

123.     Defendants breached their duty of care with respect to the Plaintiff.

124.     Defendants breached their duty to care for DOE, and were negligent, careless, and reckless in failing to protect him from harm, including when their superior officer Dean BRYAN ROBERTS cornered DOE in the Park Scholars Lounge, straddled DOE while touching himself, and pressured DOE to engage in a sexual relationship.

125.     Defendants breached their duty to care for DOE, and were negligent, careless, and reckless in failing to protect him from harm, abuse, assault, and other harms, including but not limited to sexual abuse and assaults, as well as physical and emotional abuse while he was in the Dean's Suite with Dean ROBERTS.

{00288846}

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-0762

RECEIVED NYSCEF: 11/20/2023

Case 3:23-cv-01600-GTS-ML   Document 1-1   Filed 12/18/23   Page 18 of 30

CI2023-23885

Index #: EF2023-0762

126.    Defendants had both actual and constructive notice of the abuse, which took place in their school and off campus, and failed to institute appropriate measures to prevent and/or stop the abuse.

127.    Defendants had both actual and constructive notice of the abuse, which took place in their school, in that amongst other things, BRYAN ROBERTS was publicly using Grindr to connect with ITHACA COLLEGE students as young as 19 years old, on campus and his sexual abuse of students was common knowledge amongst students, staff, and other leadership at ITHACA COLLEGE. Nonetheless, Defendants did nothing to intervene and stop and/or prevent the assault and abuse.

128.    Defendants ITHACA COLLEGE and BRYAN ROBERTS are vicariously liable and responsible for the acts and omissions of their employees and are responsible for their own acts and omissions which caused, allowed, and permitted his acts of sexual abuse and sexual assault to occur under the Corporate Complicity doctrine, as Defendants' superior officers authorized, participated in, consented to, ratified, and/or affirmed the conduct in question, including the perpetrating Officers' sexual abuse of Plaintiff.

129.    Defendant ITHACA COLLEGE is liable for BRYAN ROBERT's conduct as he was an Associate Dean and Superior Officer and who authorized, participated in, consented to, ratified, and/or affirmed the conduct in question.

130.    Defendants are further liable for Jack Bryant's conduct as he was a Degree Program Director and Superior Officer and who authorized, participated in, consented to, ratified, and/or affirmed the conduct in question.

{00288846}

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM

NYSCEF DOC. NO. 1

CI2023-23885

INDEX NO. EF2023-0762

RECEIVED NYSCEF: 11/20/2023

Case 3:23-cv-01600-GTS-ML   Document 1-1   Filed 12/18/23   Page 19 of 30

131. Defendants are further liable for Ron Trunzo's conduct as he was an Associate Director and Superior Officer and who authorized, participated in, consented to, ratified, and/or affirmed the conduct in question.

132. Defendants are further liable for Casey Stebbin's conduct as ITHACA COLLEGE consented to, ratified, and/or affirmed the conduct in question by refusing to terminate him, despite finds of sexual abuse and/or inappropriate intimate relations.

133. Defendants breached their duty to care for DOE, and were negligent, careless, and reckless in their publication of their Title IX calendar, injuring Plaintiff's mental and emotional wellbeing and harming his ability to receive an education.

134. That as a result of the negligence and breach of duty of Defendants, and/or each of them, and/or their agents, servants, employees, and/or staff as aforesaid, the Plaintiff endured sexual abuse and sexual assault, as well as emotional and physical abuse, and sustained serious and severe damage, harm and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering, mental anguish and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

135. That by reason of the foregoing, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF JOHN DOE, BASED UPON A THEORY OF VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

136. That the Plaintiff JOHN DOE, repeats, reiterates, and realleges each and every allegation contained in the Complaint set forth in paragraphs "FIRST" through "ONE

{00288846}

CI2023-23885

HUNDRED THIRTY-FIVE" inclusive with the same force and effect as though said allegations were herein fully set forth at length.

137.   Title IX provides, in relevant part, that "No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a).

138.   Defendant ITHACA COLLEGE was deliberately indifferent to evidence and reports of sexual assault and harassment by their staff and on their campus.

139.   Defendant ITHACA COLLEGE had both actual and constructive knowledge that staff, faculty, and leadership at the college were using the Grindr app to recruit students into unwelcome sexual interactions.

140.   Defendants violated Title IX by discriminating against Plaintiff because of his sex and gender and denying him the benefits of Defendant's educational program, causing the damages as set forth herein.

141.   Defendants violated Title IX by failing to educate all students and staff on sexual harassment and assault, failing to take prompt action, failing to afford Plaintiff an adequate hearing, and failing to take reasonable care to make the ITHACA COLLEGE campus safe for Plaintiff.

142.   Defendants and/or each of them, and/or their agents, servants, employees, volunteers and/or staff, had the power, the ability, and the authority, as well the duty, to stop the negligent, improper, unlawful, and egregious publication of their Title IX calendar, as described hereinabove that resulted in Plaintiff JOHN DOE suffering severe emotional distress.

143.   Defendants are liable for the violation of Title IX as demonstrated by the deliberate indifference and refusal to afford Plaintiff with an adequate hearing for each of the

{00288846}

Case 3:23-cv-01600-GTS-ML    Document 1-1    Filed 12/18/23    Page 21 of 30

CI2023-23885

Index #: EF2023-0762

multiple perpetrators who severely and pervasively abused Plaintiff and impacted his ability to receive an education.

144.    Defendants are liable for the violation of Title IX as demonstrated by the deliberate indifference and refusal to make private their Title IX calendar, injuring Plaintiff's mental and emotional wellbeing, and harming his ability to receive an education.

145.    Defendants also violated Title IX by failing to educate all staff members on sexual harassment and assault, bystander intervention, conducting an adequate hearing, and maintaining a safe environment.

146.    (1) The Plaintiff was and is  an ITHACA COLLEGE student; (2) Plaintiff was subjected to unwelcome sexual harassment in the form of sexual advances, forced intercourse, explicit messages and images, and other verbal or physical conduct of a sexual nature; (3) the harassment was based on his sex; (4) the harassment was sufficiently severe and pervasive so as to alter the conditions of her education and create an abusive educational environment; and (5) some basis for institutional liability has been established.

147.    That as a result of the gender-based discrimination he faced, the Plaintiff herein endured a loss of his educational opportunities, and sustained serious and severe loss and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering, mental anguish, and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

148.    That by reason of the foregoing, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

{00288846}

Case 3:23-cv-01600-GTS-ML   Document 1-1   Filed 12/18/23   Page 22 of 30

CI2023-23885

Index #: EF2023-0762

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF JOHN DOE, BASED UPON A THEORY OF NEGLIGENT HIRING, RETENTION, TRAINING, DIRECTION, AND SUPERVISION AS AGAINST ALL DEFENDANTS

149.    That the Plaintiff JOHN DOE, repeats, reiterates and realleges each and every allegation contained in the Complaint set forth in paragraphs "FIRST" through "ONE HUNDRED FORTY-EIGHTH" inclusive with the same force and effect as though said allegations were herein fully set forth at length.

150.    Defendants and/or each of them had a duty to conduct appropriate and proper hiring, screening, placement, and retention practices to prevent the hiring and retention of those who may pose a risk of harm, including but not limited to sexual abuse as well as emotional abuse, to students who had been entrusted to their care and supervision.

151.    Defendants and/or each of them had a duty to adequately and properly supervise, direct, and train those whom they did hire and/or retain in a reasonably prudent fashion, to prevent those they hired and/or retained from becoming a risk of harm, including but not limited to sexual abuse as well as emotional abuse, to those students who had been entrusted to their care and supervision including the Plaintiff herein.

152.    Defendants and/or each of them had a duty to prevent known risks of harm and to prevent their employees and/or staff from inflicting harm upon the students who had been entrusted to them, including the Plaintiff herein.

153.    Defendants and/or each of them had a duty to properly and adequately supervise, direct, and train their employees and/or staff so as to ensure the safety and well-being of the students who had been entrusted to them, including the Plaintiff herein.

154.    Defendants and/or each of them had a duty to properly and adequately supervise, direct, and train their employees and/or staff so as to ensure that they carried out their duties in a

{00288846}

CI2023-23885

Index #: EF2023-0762

manner which reduced and/or eliminated the risk of harm, including but not limited to sexual abuse as well as emotional abuse, to those who had been entrusted to their care and supervision, including the Plaintiff herein.

155.    Defendants and/or each of them had a duty to properly and adequately supervise, direct, and train their employees and/or staff so as to ensure that they did not sexually abuse and/or emotionally abuse those who had been entrusted to their care and supervision, including the Plaintiff herein.

156.    Defendants breached their duty to conduct their hiring, screening, placement, and retention practices in a reasonably prudent fashion and to supervise, direct, and train their employees and/or staff in a reasonably prudent fashion adequately and properly.

157.    Defendants were negligent, careless, and reckless in the manner in which they conducted their hiring, screening, and retention of staff and hired and retained employees and/or staff who failed to properly supervise and protect the students who had been entrusted to them.

158.    That as a result of the negligent hiring, screening, placement, and retention, as well as the negligent training, direction, and supervision by Defendants, and/or each of them, and/or their agents, servants, employees and/or staff as aforesaid, the Plaintiff herein endured sexual abuse and sexual assault as well as physical and emotional abuse, and sustained serious and severe damage, harm, and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering, mental anguish, and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

{00288846}

159.    That by reason of the foregoing, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF JOHN DOE, BASED UPON A THEORY OF
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
<u>AS AGAINST ALL DEFENDANTS</u>**

160.    That the Plaintiff JOHN DOE repeats, reiterates, and realleges each and every allegation contained in of the Complaint set forth in paragraphs "FIRST" through "ONE HUNDRED FIFTY-NINTH" inclusive with the same force and effect as though said allegations were herein fully set forth at length.

161.    Defendants and/or each of them, and/or their agents, servants, employees, volunteers and/or staff, had the power, the ability, and the authority, as well the duty, to stop the negligent, improper, unlawful and egregious sexually abusive conduct described hereinabove that resulted in Plaintiff JOHN DOE suffering severe emotional distress.

162.    Defendants and/or each of them, and/or their agents, servants, employees, volunteers and/or staff, had the power, the ability, and the authority, as well the duty, to stop the negligent, improper, unlawful, and egregious publication of their Title IX calendar, as described hereinabove that resulted in Plaintiff JOHN DOE suffering severe emotional distress.

163.    Defendants and/or each of them, and/or their agents, servants, employees, volunteers and/or staff, had the duty to intervene to stop, prevent and prohibit the negligent, improper, unlawful, and egregious conduct described hereinabove that resulted in Plaintiff JOHN DOE suffering severe emotional distress.

CI2023-23885

164.     Defendants and/or each of them, and/or their agents, servants, employees, volunteers and/or staff, knew or should have known that the failure to properly act would and in fact did cause Plaintiff JOHN DOE to suffer severe emotional distress.

165.     Defendants and/or each of them, and/or their agents, servants, employees, volunteers and/or staff, negligently failed to act to stop, prevent and/or prohibit the negligent, improper, unlawful, and egregious conduct described hereinabove, thus resulting in Plaintiff JOHN DOE suffering severe emotional distress.

166.     That as a result of the negligent infliction of emotional distress of Defendants, and/or each of them, and/or their agents, servants, employees, volunteers and/or staff as aforesaid, the Plaintiff JOHN DOE endured sexual abuse and molestation, and sustained serious and severe damage, harm and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering and emotional distress, mental anguish and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

167.     That by reason of the foregoing, the Plaintiff JOHN DOE has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF JOHN DOE BASED UPON A THEORY OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS**

168.     That the Plaintiff JOHN DOE repeats, reiterates and realleges each and every allegation contained in the Complaint set forth in paragraphs "FIRST" through "ONE HUNDRED SIXTY-SEVENTH" inclusive with the same force and effect as though said allegations were herein fully set forth at length.

{00288846}

CI2023-23885

Index #: EF2023-0762

169.     Defendant BRYAN ROBERTS engaged in willful, contumacious, and outrageous conduct with respect to JOHN DOE, with the intent to cause, and/or with reckless disregard of the probability of causing Plaintiff JOHN DOE to suffer severe emotional distress.

170.     Defendant BRYAN ROBERTS engaged in willful, contumacious, and outrageous conduct with respect to JOHN DOE, with the intent to degrade and abuse JOHN DOE, and/or to satisfy and gratify his own sick sexual desires.

171.     Defendant BRYAN ROBERTS committed these horrific acts with malicious, abusive and oppressive intent, and with the likelihood of causing Plaintiff JOHN DOE to suffer severe emotional distress.

172.     Defendant ITHACA COLLEGE engaged in willful, contumacious, and outrageous conduct with respect to JOHN DOE, with the intent to cause, and/or with reckless disregard of the probability of causing Plaintiff JOHN DOE to suffer severe emotional distress.

173.     Defendant ITHACA COLLEGE engaged in willful, contumacious, and outrageous conduct with respect to JOHN DOE, with the intent to degrade and silence JOHN DOE, by refusing to investigate all perpetrators fully as required by Title IX.

174.     Defendant ITHACA COLLEGE engaged in willful, contumacious, and outrageous conduct with respect to JOHN DOE, with the intent to degrade and silence JOHN DOE, by publishing their Title IX calendar to all students, faculty, and staff, and failing to mitigate the damage by leaving it viewable to students for three days.

175.     Defendant ITHACA COLLEGE committed these horrific acts with malicious, abusive and oppressive intent, and with the likelihood of causing Plaintiff JOHN DOE to suffer severe emotional distress.

{00288846}

CI2023-23885

Index #: EF2023-0762

176.    That as a result of the intentional infliction of emotional distress of Defendants as aforesaid, the Plaintiff JOHN DOE endured sexual abuse as well as emotional abuse and emotional distress, and sustained serious and severe damage, harm and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering, mental anguish and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss and will continue to experience and incur these damages and losses in the future.

177.    That by reason of the foregoing, the Plaintiff JOHN DOE has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

## STATEMENT REGARDING INTENT TO SEEK PUNITIVE DAMAGES

While not seeking punitive damages as a separate cause of action, Plaintiff puts Defendants on notice that Defendants' acts and omissions and statutory violations were wanton and reckless and evidence of disregard of the rights and safety of the general public and of Plaintiff.  Punitive damages will be requested to punish Defendant and deter others from similar conduct.

*WHEREFORE*, JOHN DOE demands a monetary judgment in the form of damages against the Defendants and/or each of them, on the First Cause of Action.

*WHEREFORE*, JOHN DOE demands a monetary judgment in the form of damages against the Defendants and/or each of them, on the Second Cause of Action.

*WHEREFORE,* JOHN DOE demands a monetary judgment in the form of damages

{00288846}

CI2023-23885

against the Defendants and/or each of them, on the Third Cause of Action.

**WHEREFORE,** JOHN DOE demands a monetary judgment in the form of damages against the Defendants and/or each of them, on the Fourth Cause of Action.

**WHEREFORE,** JOHN DOE demands a monetary judgment in the form of damages against the Defendants and/or each of them, on the Fifth Cause of Action, together with costs and disbursements of this action.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Dated:  Brooklyn, New York
       November 20, 2023

"I have read the foregoing and I certify that, upon information and belief, the source of which is the review of a file maintained by my office, that the foregoing Verified Complaint is not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator."

_____
Erin Peake, Esq.
Bonina & Bonina, P.C.
Attorneys for Plaintiff
32 Court Street - Suite 1700
Brooklyn, NY 11201
Phone No.: (718) 522-1786

_____
John Bonina, Esq.
Bonina & Bonina, P.C.
Attorneys for Plaintiff
32 Court Street – Suite 1700
Brooklyn, New York 11201
Phone No.: (718) 522-1786

{00288846}

CI2023-23885

Index #: EF2023-0762

**Index No.:**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TOMPKINS

JOHN DOE,

                  Plaintiff,

   -against-

ITHACA COLLEGE and BRYAN ROBERTS,

                  Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**BONINA & BONINA, P.C.**
Attorneys for *Plaintiff(s)*
32 Court Street – Suite 1700
Brooklyn, New York 11201
Tele. No.: (718) 522-1786
Fax No.: (718) 243-0414

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

*Dated: **November 20, 2023***

Signature: _____

Print Signer's Name: **Erin Peake, Esq.**

---

*Service of a copy of the within*                  *is hereby admitted.*
*Dated:*

---

*Attorney(s) for*

---

***PLEASE TAKE NOTICE***

☐   *that the within is a (certified) true copy of a*
    *entered in the office of the clerk of the court of the within named Court on*
Notice of
Entry

☐   *That an Order of which the within is a true copy will be presented for settlement to the Hon.*
    *one of the Judges of the within named Court,*
Notice of   *at*         *on*         *20 , at*     *M.*
Settlement

  Dated:

**BONINA & BONINA, P.C.**
Attorneys for Plaintiff(s)
32 COURT STREET
BROOKLYN, N.Y. 11201

To:

{00290758}

CI2023-23885       NEW YORK, COUNTY OF KINGS              ss:                    Index #: EF2023-0762

☐    I, the undersigned, am an attorney admitted to practice in the courts of New York, and
Attorney's    certify that the annexed has been compared by me with the original and found to be a true and complete copy thereof.
Certification

☒    **Erin Peake, Esq**. say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff. I have read the
annexed **SUMMONS AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except
Attorney's    those matters herein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My
Verification by   belief, as to those matters therein not stated upon knowledge, is based on the following. By a review of a file maintained in my
Affirmation   office.

The reason I make this affirmation instead of Plaintiff(s) is Plaintiff(s) reside(s) in a County other than the one in which I maintain
my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:  November 20, 2023                          _____
                                                   Erin Peake, Esq.

STATE OF NEW YORK, COUNTY OF KINGS              ss:

☐     being sworn says: I am the plaintiff in the action herein; I have read the annexed know the contents thereof and the same are true to
my knowledge, except those matter therein which are stated to be alleged on information and belief, and as to those matters I believe
Individual    them to be true.
Verification

☐    the                    of                        a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
Corporate    information and belief, and as to those matters I believe to be true.
Verification

My belief, as to those matters therein not stated upon knowledge, is based on the following:

Sworn to before me on

_____                        _____
**Notary Public**

STATE OF NEW YORK, COUNTY OF KINGS              ss:

, being sworn says: I am not a party to the action, am over the age of 18 years of age and reside in.
On                              , I served a true copy of the annexed in the following manner:

☐    by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal
Service by    Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:
Mail

☐    by E-filing the same with the Supreme Court – Kings County to the addressee(s) as indicated below:
Service by
E-filing

☐    by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated
by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmitssion
Service by    was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or
Electronic    official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s)
Means   as I indicated below:

☐    by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest
Service by    time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:
Overnight
Delivery

Sworn to before me on

_____        _____
**Notary Public**

{00290758}