# EXHIBIT E

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM   INDEX NO. EF2023-0762
NYSCEF DOC. NO. 5   Case 3:23-cv-01600-GTS-ML   Document 1-5   Filed 12/18/23   Page 2 of 6   RECEIVED NYSCEF: 11/20/2023

CI2023-23889                                                                                       Index # : EF2023-0762

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TOMPKINS
------------------------------------------------------------------------X
JOHN DOE,

                                 Plaintiff,

   -against-

ITHACA COLLEGE and BRYAN ROBERTS

                        Defendants.
------------------------------------------------------------------------X

**ATTORNEY'S AFFIRMATION**

Index No.: _____

State of New York    )
                          )   ss
County of TOMPKINS)

Erin Peake, Esq., an attorney at law duly admitted to practice law in New York State, hereby states and affirms, under the penalties of perjury, pursuant to CPLR §2016, that:

1.    I am an attorney in the law firm of Bonina & Bonina, P.C., attorneys for Plaintiff in the above-captioned action, and as such, I am fully familiar with the facts and circumstances of the within application by virtue of a file maintained in my office.

## FACTUAL HISTORY

2.    Plaintiff's Summons and Complaint, annexed hereto as Exhibit "A", alleges repeated sexual abuse by the employees of Ithaca College from approximately 2021 through approximately 2023.

3.    From approximately 2021 to 2023, Plaintiff was a student at Ithaca College, where he was repeatedly sexually abused.

4.    In the case at bar, it is alleged that current and former staff members of Ithaca College repeatedly sexually abused Plaintiff.

5.    At all times alleged herein, Plaintiff lived on the Ithaca college campus.

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM
NYSCEF DOC. NO. 5
CI2023-23889

INDEX NO. EF2023-0762
RECEIVED NYSCEF: 11/20/2023
Index #: EF2023-0762

Case 3:23-cv-01600-GTS-ML   Document 1-5   Filed 12/18/23   Page 3 of 6

6. To date, Plaintiff is still an Ithaca College student and continues to live on the Ithaca College campus.

7. Defendants ITHACA COLLEGE and BRYAN ROBERTS created and maintained a dangerous and toxic environment of sexual abuse by their leadership, faculty, and staff against ITHACA COLLEGE students, causing irreparable harm and depriving students, including the Plaintiff herein, of an education.

8. Due to the sexual abuses, Plaintiff has experienced increased panic attacks and anxiety, inhibiting his ability to focus on his studies.

9. Plaintiff has further been receiving professional mental health care to process his fear and apprehension as it relates to his abuse.

## PROCEEDING USING A PSEUDONYM

10. The identity of any victim of a sex offense, including those covered by Article 130, **shall** be confidential. *N.Y. Civ. Rights law § 50-b (1)*.

11. No records (including a court file) or other documents in the custody or possession of any public employee that identify a victim of a sex offense shall be made available for public inspection. *N.Y. Civ. Rights law § 50-b (1)*. Upon signing this section of the Civil Rights Law in 1991, Gov. Mario Cuomo stated: "sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compound by further invasion of their privacy." *Doe v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (internal citations omitted).

12. In *Doe v. New York Univ.*, another case involving college liability for sexual assault, the Court held plaintiffs were entitled to have the court records amended to replace their names

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM
NYSCEF DOC. NO. 5
CI2023-23889

INDEX NO. EF2023-0762
RECEIVED NYSCEF: 11/20/2023
Index #: EF2023-0762

Case 3:23-cv-01600-GTS-ML   Document 1-5   Filed 12/18/23   Page 4 of 6

with pseudonyms due to the nature of plaintiffs' injuries, the emotional distress suffered, and the need for psychotherapy treatment. *Doe v. New York Univ*. 786 N.Y.S.2d 892 (NY Sup. Ct. 2004).

13. Here, Plaintiff has endured immense emotional trauma, was stripped of the enjoyment of his college years, and has begun psychological treatment to process the abuse.

14. Additional guidelines for the exercise of the court's discretion in considering anonymity requests include:"[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party; … whether the action is against a governmental or private party; and … the risk of unfairness to the opposing [party] from allowing an action against it to proceed anonymously." *Milani, Doe v Roe*, 41 Wayne L Rev at 1682, quoting *James v Jacobson*, 6 F3d 233, 238 (4th Cir 1993).

15. Given the sensitive and highly personal nature of the allegations, JOHN DOE has an interest in maintaining his anonymity to avoid additional harm to his mental health and to his schooling, which would occur should his name, identity, and intimate details of his life to become known to the general public.

16. Moreover, Plaintiff JOHN DOE is still living on the Ithaca College campus and is still working to obtain his undergraduate degree; publication of his identity and any potential retaliation by Ithaca College staff or students would lead to further harm to his mental health and education.

17. Defendants have already made every effort to embarrass and intimidate Plaintiff by leaving his name on the public Title IX calendar for 3 days, which lead to bullying on social media. Further publication will surely impact his ability to study and grow professionally.

18. On September 5, 2023, due to his extreme fear and apprehension, Plaintiff was granted an Order of Protection against BRYAN ROBERTS in Tompkins County Family Court. See Pl. Exh A. ¶ 112.

19. If the Court wishes to hear from the Plaintiff as to his fear and anxiety regarding the publication of his name, especially while he is still a student at ITHACA COLLEGE, Plaintiff is willing to address the matter directly with this Court.

20. It is in the public interest to support Plaintiff's anonymity, as revealing his identity may have a chilling effect on other college students' disclosure of abuse who wish to file lawsuits while they work toward their education.

21. If other undergraduate students were to feel forced to wait until graduation to file lawsuits anonymously, so as to protect their ability to focus on studying, they may face additional statute of limitations barriers.

22. Given that the Plaintiff alleges that he was sexually assaulted at a college that serves thousands of students who may also have been exposed to and/or abused by Defendants, there is a strong public interest in allowing these court proceedings to remain open to the public.

23. Therefore, Plaintiff asks the Court's permission to file this action and otherwise be identified in the court file by the pseudonym JOHN DOE. Such a solution balances his privacy rights under New York's Civil Rights Law with the general public's interest in open court proceedings.

24. The general public has no legally enforceable interest in knowing the Plaintiff's identity. On the contrary, if plaintiff is not allowed to proceed using a pseudonym it may have a chilling effect upon the reporting of sexual assaults generally because many victims fear additional harm, shame, embarrassment, and retaliation for their allegations. See e.g., *Doe v. Kolko*, 242

FILED: TOMPKINS COUNTY CLERK 11/20/2023 07:07 PM
NYSCEF DOC. NO. 5
CI2023-23889

INDEX NO. EF2023-0762
RECEIVED NYSCEF: 11/20/2023
Index #: EF2023-0762

Case 3:23-cv-01600-GTS-ML   Document 1-5   Filed 12/18/23   Page 6 of 6

F.R.D. 193, 196 (E.D.N.Y. 2006) ("Additionally, the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes") (internal citations omitted). Even though courts "traditionally disfavor the use of pseudonyms" they generally recognize that sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." Id. Therefore, the public interest is well served by allowing the plaintiff to proceed using a pseudonym in this case.

25. There is no prejudice to the Defendants in allowing Plaintiff to proceed using a pseudonym. Plaintiff emailed a fully unredacted copy to Defendant ITHACA COLLEGE's General Counsel on November 9, 2023. See Pl. Exh. B.

26. Therefore, the Plaintiff respectfully requests that this Court enter an Order allowing him to proceed using a pseudonym and otherwise not be identified in the public court file except by that pseudonym, and entering any other relief this Court deems appropriate.

27. No prior application for the relief sought herein has been made to this or any other court or justice.

Dated: Brooklyn, New York
November 20, 2023

"I have read the foregoing and I certify that, upon information and belief, the source of which is the review of a file maintained by my office, the foregoing Attorney's Affirmation is not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator."

_____
Erin Peake, Esq.
Bonina & Bonina, P.C.
Attorneys for Plaintiff
32 Court Street - Suite 1700
Brooklyn, NY 11201
Phone No.: (718) 522-1786